# EXHIBIT A

Of Counsel:
CRONIN, FRIED, SEKIYA,
KEKINA & FAIRBANKS

L. RICHARD FRIED, JR. 764-0
Email: rfried@croninfried.com
BERT S. SAKUDA 2535-0
Email: bsakuda@croninfried.com
BRIAN T. TOMA 7473-0
Email: btoma@croninfried.com
501 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii 96813
Telephone: (808) 524-1433
Facsimile: (808) 536-2073

Attorneys for Plaintiff

**Electronically Filed**
**FIRST CIRCUIT**
**1CCV-24-0001285**
**11-SEP-2024**
**07:41 AM**
**Dkt. 1 CMPS**

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| JESUS ARENAS and JANETH HERNANDEZ DE ARENAS,<br><br>Plaintiffs,<br><br>vs.<br><br>UBER TECHNOLOGIES, INC.; RASIER, LLC; BRYAN TOKUDA; and DOES 1-100,<br><br>Defendants. | CIVIL NO. ______________________<br>(Motor Vehicle Tort/Declaratory Judgment)<br><br>COMPLAINT; SUMMONS TO ANSWER CIVIL COMPLAINT |

COMPLAINT

Come now Plaintiffs JESUS ARENAS and JANETH HERNANDEZ DE ARENAS by and through their attorneys, Cronin, Fried, Sekiya, Kekina & Fairbanks, and for claims for relief against Defendants above-named, allege and aver as follows:

COUNT 1

1. Plaintiff JESUS ARENAS (hereinafter "Arenas") is, and was at all times relevant herein, a resident of the State of Nevada.

I do hereby certify that the foregoing is a full, true and correct copy of the official court record of the Courts of the State of Hawai`i.
Dated at: Honolulu, Hawai`i 11-SEP-2024, /s/ Lori Ann Okita, Clerk of the First Judicial Circuit, State of Hawai`i

2. Plaintiff JANETH HERNANDEZ DE ARENAS (hereinafter "Hernandez") is, and was at all times relevant herein, a resident of the State of Nevada.

3. Plaintiffs Arenas and Hernandez are husband and wife.

4. Defendant UBER TECHNOLOGIES, INC. (hereinafter "Uber") is a business organization or entity formed under the laws of the State of Delaware doing business in the City and County of Honolulu, State of Hawaii.

5. Defendant RASIER, LLC (hereinafter "Rasier") is a business organization or entity formed under the laws of the State of Delaware doing business in the City and County of Honolulu, State of Hawaii.

6. Upon information and belief, Defendant Rasier is a wholly owned subsidiary of Defendant Uber, and Defendant Rasier licenses technology from Defendant Uber and hires drivers to provide rideshare services.

7. Defendants Uber and Rasier are transportation network companies providing prearranged rides pursuant to Hawaii Revised Statutes (HRS) sections 431:10C-701 to 431:10C-705.

8. Defendant BRYAN TOKUDA (hereinafter "Tokuda") upon information and belief, is, and was at all times relevant herein, a resident of the City and County of Honolulu, State of Hawaii.

9. Defendant Tokuda, upon information and belief, was at all times relevant herein, working for and/or with Defendants Uber and Rasier as a transportation network company driver, within the meaning of HRS section 431:10C-701.

10. Doe Defendants 1-100 are sued herein under fictitious names for the reason that after diligent and good faith efforts to ascertain their names and

identities through review of applicable records and through interviews, their true names, identities, and/or responsibilities are presently unknown to Plaintiffs except that they are connected in some manner with the named defendants; and/or were successor and/or affiliated business organizations, subsidiary and/or related business organizations, joint-venturers, partners, agents, servants, employees, employers, representatives, co-venturers, associates, vendors, suppliers, manufacturers, sub-contractors, contractors, owners, lessees, assignees, licensees, designers, architects, consultants, corporations, business organizations, individuals, non-profit organizations, governmental agencies or entities; and/or were in some manner presently unknown to the Plaintiffs engaged in the activities alleged herein; and/or were in some manner responsible for the injuries and damages to Plaintiffs; and/or were in some manner or extent were responsible for or contributed to the injuries and damages to Plaintiffs; and Plaintiffs will identify their true names, identities, capacities, activities and/or responsibilities when the same are ascertained.

11. On or about April 29, 2024, at approximately 4:00 a.m., Plaintiffs Arenas and Hernandez, who were in Hawaii on vacation, requested a prearranged ride from Uber, utilizing the “Uber app,” to drive them from their hotel in downtown Honolulu to the Honolulu Zoo parking lot to join a sunrise tour.

12. Defendant Tokuda, in his capacity as a transportation network company driver for and/or with Defendants Uber and Rasier, picked up Plaintiffs Arenas and Hernandez for a prearranged ride from their hotel in downtown Honolulu for a ride to the Honolulu Zoo parking lot.

13. Plaintiff Arenas was seated in the rear seat behind Defendant Tokuda and was wearing his seatbelt.

14. Plaintiff Hernandez was seated in the rear passenger seat, to the right of Plaintiff Arenas, and was wearing her seatbelt.

15. Defendant Tokuda drove south on Kapahulu Avenue toward the zoo.

16. Defendant Tokuda was in the right lane as he approached the intersection of Kapahulu and Kamuela Avenues.

17. A Toyota Corolla driven by Edward Okawa, was traveling in the same direction in the lane to the left of Defendant Tokuda.

18. Defendant Tokuda drifted off to his right and collided into a utility pole on the Makai sidewalk, which caused the rear of Defendant Tokuda's vehicle to swing into the lane to his left and collide with the Corolla driven by Edward Okawa.

19. Surveillance video of the collision shows that Defendant Tokuda's collision with the utility pole and with the Okawa vehicle were entirely Defendant Tokuda's fault.

20. At the time of the collision, Defendant Tokuda was engaged in a prearranged ride, as defined in HRS section 431:10C-701, while driving for and/or with Defendants Rasier and Uber.

21. Defendant Tokuda was negligent in operating a motor vehicle, failing to stay in his lane, failing to maintain a proper lookout for traffic, failing to obey traffic rules and regulations, and for failing to avoid collisions with the utility pole and with the Toyota Corolla driven by Edward Okawa.

22. The collisions and the resulting injuries and damages to Plaintiffs Arenas and Hernandez were caused by the negligence, actions, omissions and/or other wrongful conduct of Defendants.

23. As a legal result of the negligence, actions, omissions, and/or other wrongful conduct of Defendants, Plaintiff Arenas suffered severe physical bodily injury including, but not limited to injuries to his head, neck and back; severe emotional distress, mental anguish, pain and suffering; and other serious and permanent bodily, emotional and psychological injuries, all arising out of personal physical injuries.

24. As a legal result of the negligence, actions, omissions, and/or other wrongful conduct of Defendants, Plaintiff Hernandez suffered severe physical bodily injuries including, but not limited to injuries to her head, spine and neck causing cervical spinal fracture, left hemiplegia, vertebral artery dissection, subdural hematoma, severe emotional distress, mental anguish, pain and suffering; and other serious and permanent bodily, emotional and psychological injuries, all arising out of personal physical injuries.

25. As a legal result of the negligence, actions, omissions, and/or other wrongful conduct of Defendants, Plaintiff Arenas has incurred and will continue to incur hospital, medical, rehabilitative and/or miscellaneous expenses in amounts to be proven at trial in excess of the amounts specified in HRS section 431:10C-306.

26. As a legal result of the negligence, actions, omissions, and/or other wrongful conduct of Defendants, Plaintiff Hernandez has incurred and will continue to incur hospital, medical, rehabilitative and/or miscellaneous expenses in amounts to be proven at trial in excess of the amounts specified in HRS section 431:10C-306.

27. As a legal result of the negligence, actions, omissions, and/or other wrongful conduct of Defendants, Plaintiff Arenas has suffered and will continue to suffer loss of earnings and/or impairment of earning capacity in amounts to be proven at trial.

28. As a legal result of the negligence, actions, omissions, and/or other wrongful conduct of Defendants, Plaintiff Hernandez has suffered and will continue to suffer loss of earnings and/or impairment of earning capacity in amounts to be proven at trial.

29. As a legal result of the negligence, actions, omissions, and/or other wrongful conduct of Defendants, Plaintiff Arenas was and remains unable to pursue and enjoy his former hobbies, endeavors and lifestyle, thereby suffering loss of enjoyment of life, and such other general and special damages as may be proven at trial.

30. As a legal result of the negligence, actions, omissions, and/or other wrongful conduct of Defendants, Plaintiff Hernandez was and remains unable to pursue and enjoy her former hobbies, endeavors and lifestyle, thereby suffering loss of enjoyment of life, and such other general and special damages as may be proven at trial.

31. As a legal result of the negligence, actions, omissions, and/or other wrongful conduct of Defendants, Plaintiff Arenas has suffered emotional and physical distress upon seeing and attempting to aid his wife immediately following the collision; and as a result of his wife's injuries he has incurred the loss of his wife's services, society, companionship, consortium, and other damages as allowed by law.

32. Defendants Rasier and Uber characterize Defendant Tokuda as an independent contractor, in various agreements and terms, however, the actual nature of

the relationship and extent of control possessed by Defendants Rasier and Uber over Defendant Tokuda, whether exercised or not, is inconsistent with independent contractor status for Defendant Tokuda.

33. Defendants Rasier and Uber possess control over the entire Uber experience for Uber riders from the initial exploration of ride pricing and ride availability to rules governing driver conduct during rides, to setting driver compensation for rides, to charging riders' credit/debit cards for rides, to requests for ride ratings and driver tips after completion of rides, and determining the nature and timing of customer promotions.

34. Uber drivers, like Defendant Tokuda, function in reality as employees and/or agents rather than independent contractors.

35. The means to access and administer Uber rides and the driving of Uber riders are both essential components of the business of providing prearranged Uber rides. Thus, the contributions of Defendants Rasier and Uber on the one hand, and Defendant Tokuda on the other, together constitute a joint venture and/or partnership.

36. Defendants Rasier and Uber are liable to Plaintiffs Arenas and Hernandez under principles of respondeat superior, agency liability, vicarious liability, joint venture, partnership, for their own negligence and for other reasons as discussed herein or as developed during discovery.

<u>COUNT 2</u>

37. The allegations contained in paragraphs 1 through 36, above, are hereby incorporated by reference as though fully restated herein.

38. This is a request for Declaratory Judgment, pursuant to HRS chapter 632.

39. Defendants Rasier and Uber impose various limitations of liability; waivers of liability; assumptions of liability; and obligations to defend, indemnify or hold harmless; in Defendants' standard contracts of adhesion related to Uber riders, including Plaintiffs Arenas and Hernandez, and Uber drivers, including Defendant Bryan Tokuda.

40. Defendants Rasier and Uber actively seek to enforce these provisions purporting to limit their liability. See, e.g., Narayanasamy v. Issa, 435 F. Supp. 3d 388 (D.R.I. 2020) (denying Uber motion for summary judgment on issues of employee/independent contractor and apparent authority); Doe v. Uber Techs., 184 F. Supp. 3d 774 (N.D. Cal. 2016) (denying Uber motion to dismiss on issue of employee/independent contractor); Search v. Uber Techs., 128 F. Supp. 3d 222 (D.D.C. 2015) (denying Uber motion to dismiss on issues of employee/independent contractor and apparent authority).

41. The Rasier and Uber U.S. Terms of Use for Uber riders includes a choice of law provision which states: "Any dispute, claim or controversy arising out of or relating to incidents or accidents resulting in personal injury or death . . . shall be governed by and construed in accordance with the laws of the state in which the incident or accident occurred."

42. The accident which gives rise to this action occurred in the State of Hawaii.

43. HRS section 431:10C-705 declares such disclaimers and waivers of liability, and agreements for riders to indemnify, defend or hold Defendants Rasier and Uber harmless invalid and unenforceable in the State of Hawaii.

44. Any and all disclaimers and waivers purporting to limit or eliminate the liability of Defendants Rasier and Uber for the injuries and damages sustained by Plaintiffs; and provisions that purport to require Plaintiffs to indemnify, defend or hold Defendants Rasier, Uber and/or Tokuda harmless are invalid and unenforceable.

45. There is an actual and existing controversy regarding the applicability of these provisions to the injuries and damages sustained by Plaintiffs in the accident, which is the subject of this action, due to the conflict between provisions of Uber/Rasier contracts/agreements and HRS section 431:10C-705.

WHEREFORE, Plaintiffs JESUS ARENAS and JANETH HERNANDEZ DE ARENAS pray for judgment in amounts in excess of the minimum jurisdictional requirements of this Court against the above-named Defendants, jointly and severally, as follows:

1. General damages in amounts proven at trial.

2. Special damages in amounts proven at trial.

3. A declaration that any and all provisions that limit or waive Defendants' liability; or require Plaintiffs to indemnify, defend or hold Defendants harmless are invalid and/or unenforceable for the injuries and damages sustained by Plaintiffs.



Exhibit A

4. Plaintiffs' attorneys' fees, costs, prejudgment interest, and such other and further relief as the Court deems proper in the premises.

DATED: Honolulu, Hawaii, September 11, 2024.

/s/ Bert S. Sakuda
L. RICHARD FRIED, JR.
BERT S. SAKUDA
BRIAN T. TOMA
Attorneys for Plaintiffs



Exhibit A

| | | |
|---|---|---|
| **STATE OF HAWAIʻI**<br>CIRCUIT COURT OF THE<br>FIRST CIRCUIT | **SUMMONS**<br>TO ANSWER CIVIL COMPLAINT | |
| CASE NUMBER | PLAINTIFF'S NAME & ADDRESS, TEL. NO.<br>L. RICHARD FRIED, JR. 764-0<br>BERT S. SAKUDA 2535-0<br>BRIAN T. TOMA 7473-0<br>841 Bishop Street, Suite 501<br>Honolulu, Hawaii 96813<br>Telephone: (808) 524-1433 | |
| PLAINTIFF<br>JESUS ARENAS and JANETH HERNANDEZ DE ARENAS | | |
| DEFENDANT(S)<br>UBER TECHNOLOGIES, INC.; RASIER, LLC; BRYAN TOKUDA; and DOES 1-100 | | |

**TO THE ABOVE-NAMED DEFENDANT(S)**

You are hereby summoned and required to filed with the court and serve upon

L. RICHARD FRIED, JR., BERT S. SAKUDA and BRIAN T. TOMA

______________________________,

plaintiff's attorney, whose address is stated above, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the date of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**THIS SUMMONS SHALL NOT BE PERSONALLY DELIVERED BETWEEN 10:00 P.M. AND 6:00 A.M. ON PREMISES NOT OPEN TO THE GENERAL PUBLIC, UNLESS A JUDGE OF THE ABOVE-ENTITLED COURT PERMITS, IN WRITING ON THIS SUMMONS, PERSONAL DELIVERY DURING THOSE HOURS.**

**A FAILURE TO OBEY THIS SUMMONS MAY RESULT IN AN ENTRYOF DEFAULT AND DEFAULT JUDGMENT AGAINST THE DISOBEYING PERSON OR PARTY.**

DATE ISSUED September 11, 2024

Effective Date of 28- Oct- 2019
Signed by: /s/ J. Efhan Clerk,
5th Circuit, State of Hawai`i

JUDICIARY STATE OF HAWAIʻI

In accordance with the Americans with Disabilities Act, and other applicable state and federal laws, if you require a reasonable accommodation for a disability, please contact the ADA Coordinator at the Fifth Circuit Court Administration Office at PHONE NO. 482-2347, FAX 482-2509.

Form CC-CV-DIV-???

Exhibit A